## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LANIE LEE ALLEN,

        Petitioner,

v.                                          CIV  NO. 05- 998 JH/ACT

JAMES JANECKA, Warden, and
PATRICIA A. MADRID,

        Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Petitioner Lanie Lee Allen's Petition for a Writ of Habeas Corpus. [Doc. No. 1]. Petitioner filed his Petition on September 16, 2005 and the Respondents filed an Answer, with accompanying Exhibits, on November 10, 2005, together with a Motion to Dismiss and a Memorandum in Support. [Doc. Nos. 14, 15 and 16].  The United States Magistrate Judge, having reviewed the Petition, the Answer, the accompanying Exhibits, the Motion to Dismiss and the relevant law, recommends that the Petition for a Writ of Habeas Corpus be DENIED ON THE MERITS.  Petitioner has also moved twice for the appointment of counsel to represent him in these proceedings.  [Doc. Nos. 3 and 11].  As further explained in this opinion, the United States Magistrate Judge recommends that the Motions for Appointment of

Counsel be DENIED.

Petitioner has spent the majority of the last decade incarcerated for crimes of forgery committed in 1996 to which he pled guilty. During this time, however, Petitioner has been released from prison three times on supervised probation, committed violations of his probation , admitted these probation violations, had his probation revoked all three times and been re-sentenced to terms of incarceration after each probation revocation. He has sought relief from the state and federal courts at every possible opportunity and has been consistently denied his requested relief. This Petition is the latest of a series of petitions, motions and appeals, most of which tend to argue the same facts and repeat the same arguments.

Petitioner filed his first state petition for a writ of habeas corpus after his first probation revocation in 2000. The state district court denied the writ and the New Mexico Supreme Court denied the writ of certiorari. Petitioner filed a federal application for a writ of habeas corpus that was denied by this Court on the merits in November, 2001.

After his second probation revocation in 2002 Petitioner filed a direct appeal to the New Mexico Court of Appeals. The Court consolidated Petitioner's appeal with another prisoner's appeal raising the same legal issue. The appeal was denied in a published opinion by the New Mexico Court of Appeals, State v. Baca, 2005-NMCA-001, 136 N.M. 667, 104 P.3d 533, cert. denied, 136 N.M. 665, 103 P.3d 1097 (2004). The New Mexico Supreme Court denied the petition for a writ of certiorari and issued the mandate in 2005.

Meanwhile, while the above proceeding was moving through the state courts, Petitioner was released a third time on probation, re-offended and was re-sentenced on July 14, 2004. The remainder of his original sentence was re-instated and Petitioner was given credit for time served.

2

This time, Petitioner filed another direct appeal to the New Mexico Court of Appeals.  The Court denied the appeal and the New Mexico Supreme Court denied Petitioner's writ of certiorari.  The current federal application for the writ of habeas corpus followed.

Petitioner has raised three claims in this federal Petition: 1) double jeopardy; 2) violation of due process; and 3) cruel and unusual punishment/malicious prosecution.  Petitioner has alleged facts which he contends support his three claims.  Every one of the supporting facts has been addressed at one time or another by the state courts below.  Petitioner had not, however, used these facts previously to support a claim that he was denied his Eighth Amendment right to be free from cruel and unusual punishment.  Not having presented this particular claim to the state court below, this Eight Amendment claim is technically unexhausted.  This Petition, therefore, now contains both exhausted and unexhausted claims.

The Respondents urge this Court to dismiss the Petition because Petitioner has failed to exhaust all his claims to the state court.  Generally, a federal court presented with a habeas corpus petition containing both exhausted and unexhausted claims should dismiss the petition without prejudice so that the petitioner may bring his claim before the appropriate state court.  Rose v. Lundy, 455 US 509 (1982).

However, there are times when the unexhausted claim is clearly without merit and the exhaustion rule will merely require useless, pro forma litigation in the state courts.  Hoxsie v. Kerby, 108 F.3d 1239 (10th Cir. 1997).  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) codified this case law in 28 U.S.C. § 2254(b)(2).  The statute now allows a federal court to deny an application for the writ of habeas corpus on the merits despite the failure to exhaust the claim before the state courts.

In this case, the Petitioner has brought the supporting facts or arguments that he relies upon in his claim for cruel and unusual punishment/malicious prosecution before the New Mexico state courts in one or both of his direct appeals.  The New Mexico Court of Appeals has considered these facts, albeit in the context of a due process or a double jeopardy claim, and has consistently ruled against the Petitioner.  Moreover, the state courts below have found that certain of these "facts" are not as Petitioner continues to argue.  Based on the state courts' determination of the facts, the New Mexico courts ruled that Petitioner has not established either a violation of state law or a violation of the Constitutions of the United States or of the state of New Mexico.

This Court declines to dismiss this mixed petition and instead will rule on all of Petitioner's claims.  After review of the one unexhausted claim and review of the adjudications by the state courts below on the two exhausted claims, the Court recommends that the Petition for the Writ of Habeas of Corpus be DENIED ON THE MERITS.

<u>PROPOSED FINDINGS</u>

<u>PROCEEDINGS AND PLEADINGS</u>

1. Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to the original Judgment, Sentence and Commitment of the Fifth Judicial District Court, Chaves County, State of New Mexico, entered of record October 17, 1997, and his most recent Order Revoking Probation and Imposition of Sentence and Commitment from the same court entered of record July 28, 2004. [Answer, Exhibits A and D].  Petitioner is proceeding *pro se* and *in forma pauperis*.

2.  Petitioner was originally sentenced in 1997, after pleading guilty to twelve counts of

forgery. [Answer, Exhibit A].  The state trial court sentenced him to three years on each count.
Four of the counts were ordered to run consecutively to each other; the remaining counts were
ordered to run concurrently.  The basic sentence of twelve years was enhanced by four years
because Petitioner was found to be a habitual offender.  The trial court then suspended twelve
years of the sixteen year sentence and imposed five years of supervised probation and two years
of parole. [Answer, Exhibit A].

    3.  Petitioner served the required four years of his sentence and was released on
supervised probation.  Petitioner violated the conditions of his probation and was re-sentenced on
September 27, 2000, to serve eighteen months of the suspended sentence followed by five years
of supervised probation.    [Answer, Exhibit B].

    4.  After being re-sentenced, Petitioner filed a timely state petition for the writ of habeas
corpus to which the State of New Mexico responded.  The state District Court denied the
petition.  The New Mexico Supreme Court denied Petitioner's writ of certiorari.  Petitioner
thereupon filed a timely federal petition for the writ of habeas corpus which, after being
responded to, was denied on the merits by this Court. [Answer, Exhibits H to K].  Petitioner's
claim was construed by this Court as a claim that the sentence for a second five year period of
probation violated his constitutional right to be free from double jeopardy.  This Court concluded
that Petitioner's argument failed to state a ground upon which he was entitled to relief and denied
the Petition. [Answer, Exhibits J and K].

    5. After serving the eighteen month sentence, Petitioner was released on supervised
probation.  He re-offended and was re-sentenced on September 4, 2002. [Answer, Exhibit C].
This time the court suspended Petitioner's sentence except for a six month period to be served in

the county jail and imposed another five years of supervised probation.

6.   After this re-sentencing Petitioner filed a direct appeal with the New Mexico Court of Appeals, which was assigned to the General Calendar and fully briefed. [Answer, Exhibits N through U].  The Court of Appeals consolidated Petitioner's appeal with an appeal by another defendant, Bryan Baca, and issued an opinion affirming both appellants' sentences.   In the opinion, State v. Baca, 2005-NMCA-001, 136 N.M. 667, 104 P.3d 533, cert. denied, 136 N.M. 665, 103 P.3d 1097 (2004), the Court interpreted the statutory relationship between two sentencing statutes, NMSA 1978 §31-20-5(A) (1985, prior to 2004 Amendment) and NMSA 1978 §31-21-15(B)1989, and concluded that the two statutes allowed sentencing courts the latitude to impose new five year periods of probation when the criminal defendant had violated an earlier supervised probation, as long as the underlying sentence had not been served in full and sufficient time remained on the underlying sentence.  The Court also ruled that when the state court sentenced Petitioner to the eighteen months on September 27, 2000, that it re-suspended the initial sentence.  Thus the state court had the authority in 2002, when it was re-sentencing Petitioner on his second probation violation, to re-impose another portion of the suspended sentence and impose an additional five year supervised probation. [Answer, Exhibit V].

7.   Petitioner appealed this decision to the New Mexico Supreme Court which denied the Petition for the Writ of Certiorari. [Answer, Exhibits W and X].

8.   While that appeal was pending in the state courts, Petitioner served his time in the county jail, was released on supervised probation, re-offended and came back before the trial court for sentencing.  This time the sentencing court imposed the balance of the suspended twelve year sentence giving the Petitioner credit for time already served. [Answer, Exhibit D].

6

The Third Order Revoking Probation, Imposition of Sentence and Commitment was entered of record July 28, 2004.  Petitioner is currently serving the balance of this sentence.

9.  Once again Petitioner filed a direct appeal to the New Mexico Court of Appeals.  The Court placed the appeal on the Summary Calendar and the Petitioner, through appointed counsel, filed his Memorandum in Opposition. [Answer, Exhibits DD and EE].

10.  The Court of Appeals issued an opinion affirming the re-sentencing and denying Petitioner's Motion to Amend the Docketing Statement. [Answer, Exhibit FF].  The Court stated that it had earlier addressed one of Petitioner's arguments - that the sentencing court was without jurisdiction to re-impose any portion of the suspended sentence of 1997 because in 2000, when it had revoked Petitioner's probation for the first time, it had failed to re-suspend the original sentence.  The Court of Appeals pointed out that it had specifically ruled on this very argument in its published opinion, State v. Baca, supra, and would not re-visit the issue.

Secondly, the Court rejected the Petitioner's argument that he had relied on the validity of a certificate of discharge issued to him by the Department of Corrections on June 24, 2001.  The Court found first, that the certificate had been improperly issued because Petitioner had not completed his sentence, and secondly, that Petitioner did not actually or reasonably rely on the certificate of discharge as ending his sentence and probation.

Lastly, the Court rejected Petitioner's claim that he received only a five year sentence in 2002 when he was re-sentenced on his second probation violation.  The Court found that the trial court was referring to the five year probation when it imposed and suspended the five year sentence but for six months to be served in the county jail.  The Court found, therefore, that there was no support in the record for the Petitioner's claim that the trial court had increased his

7

sentence to seven years when the court found that Petitioner had violated his probation the third time in 2004 and sentenced him to further incarceration.  The Court found that the sentencing court had lawfully re-imposed the balance of the suspended twelve year sentence from 1997. [Answer, Exhibit FF].

11.  Petitioner applied for a writ of certiorari to the New Mexico Supreme Court which denied the writ on August 18, 2005. [Answer, Exhibits GG and HH].

12.  This federal Petition for Writ of Habeas Corpus, timely filed on September 16, 2005, followed.  The Petition raises three claims:

A.  that Petitioner's constitutional right to be free from double jeopardy was violated when he was re-sentenced in 2002 and 2004;

B.  that Petitioner's right to due process of law was violated he was re-sentenced in 2002 and 2004; and

C.  that Petitioner was subject to cruel and unusual punishment/ and or malicious prosecution when he was re-sentenced in 2002 and 2004.

Petitioner has claimed denials of his Fifth, Eighth and Fourteenth Amendment rights.

13.  Throughout these proceedings, Petitioner was represented by appointed counsel except the one time when he filed his previous federal petition for the writ of habeas corpus in 2001. [Answer, Exhibits J and K].  Petitioner was represented by appointed counsel during the last direct appeal to the New Mexico Court of Appeals and the writ of certiorari to the New Mexico Supreme Court.  Petitioner, however, now represents himself in this federal petition for the writ of habeas corpus.

<u>DISCUSSION</u>

14.  The federal statute governing applications for a writ of habeas corpus, 28 U.S.C.

§2254, AEDPA, states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings.

15.   Petitioner raised two claims in his federal Petition for a Writ of Habeas Corpus that

have been fully adjudicated on the merits in state court proceedings:

A.  that his Fifth Amendment right to be free from double jeopardy was violated when he

was re-sentenced in 2002 and/or 2004 because:

> 1) the trial court failed to re-suspend any portion of his sentence when the trial
>
> court imposed its Order Revoking Probation (First Order) filed of record on
>
> September 27, 2000, and sentenced him to eighteen months incarceration followed
>
> by a five year supervised probation;
>
> 2) Petitioner relied on the Certificate of Discharge issued by the Department of
>
> Corrections on June 24, 2001, which stated that he had completed his sentence;
>
> 3) the trial court was not allowed to sentence him to an additional seven years in
>
> 2004, in the Third Order Revoking Probation (Third Order), because it had only
>
> sentenced him to a five year sentence in the Order Revoking Probation filed of

9

record on September 4, 2002 (Second Order) and had failed to re-suspend the entire twelve year sentence from 1997; and

B.  that his Fourteenth Amendment right to due process was violated because the trial court did not have the authority to impose any additional terms of incarceration in either the Second Order in 2002 or in the Third Order in 2004 because the court failed to re-suspend any portion of his sentence when the trial court sentenced him to eighteen months incarceration followed by a five year supervised probation in the First Order in 2000.

16.  Petitioner exhausted these two constitutional claims in the state courts below in his state habeas corpus petition as well as in two direct appeals.  Both claims, as well as all the underlying facts and arguments, have been addressed on the merits by the state courts below and denied.

17.  Faced with two exhausted claims in a timely Petition for Habeas Corpus this Court must answer two questions.  First, do the claims raise a violation of a federal constitutional right? Second, if the claims do raise a  violation of a federal constitutional right, are the state court decisions on the merits contrary to, or involve an unreasonable application of, clearly established federal law, or are the state court decisions based on an unreasonable determination of the facts in light of the evidence presented?  If the answer to either question is no, the Petitioner is not entitled to relief in his Petition for Habeas Corpus.

The Court concludes that Petitioner has raised federal constitutional claims so it will proceed to the second question on the exhausted claims.

## PETITIONER WAS NOT SUBJECT TO  DOUBLE JEOPARDY

18. Petitioner claims that his Fifth Amendment right to be free from double jeopardy was violated because the trial court did not have the authority to sentence him on either his second or his third probation violation.  Petitioner argues that in order for the sentencing courts to impose further incarceration time in either 2002 or 2004, or impose additional probation time,  the sentencing court must have re-imposed and then re-suspended the underlying twelve year 1997 sentence at the time of his first probation violation in 2000.  See, State v. Nolan, 93 N.M. 472, 478, 601 P.2d 442, 448 (Ct. App. 1979).  Petitioner's argument is that since the state District Court failed to state the re-suspension clearly and directly, that the state District Court in fact failed to re-suspend the underlying sentence.  This argument was addressed by the New Mexico Court of Appeals.

19.   The Court of Appeals wrote, in its published opinion, State v. Baca, 2005-NMCA-001, 136 N.M. 667, 104 P.3d 533, cert. denied, 136 N.M. 665, 103 P.3d 1097 (2004), in response to Petitioner's argument that the state District Court failed to reserve the remainder of the initial sentence when the court entered its First Order in 2000,

> Allen's contention is based on an unsound reading of the court's order revoking his probation in September 2000. ... The order specifically imposed the original September 1997 sentence of sixteen years.  Although the order might have been more artfully drafted, the district court's intent is clear: it imposed the balance of the original sentence and then suspended all but eighteen months of that sentence which was to be followed by five years of supervised probation.  In addition, the record reflects that Allen was aware of the meaning of the district court's order. ... Allen understood the meaning of the direct court's order and knowingly agreed to its terms. ...  Allen's claim that the trial court's order ordered him to simply serve eighteen months without reserving any of the original sixteen year suspended sentence is without merit.

2005-NMCA-001, ¶22-23

20.  The Court finds that the New Mexico Court of Appeals' decision is based on a

11

reasonable determination of the state District Court's order of September, 2000, and of Petitioner's understanding of the September, 2000 Order.  The facts determined in the opinion are reasonable determinations in light of the evidence presented to the state court.  The trial court imposed and then re-suspended a portion of the 1997 sentence and therefore had the authority to sentence Petitioner in the Second and Third Orders in 2002 and 2004 respectively.  Petitioner's "supporting facts" do not support a claim of double jeopardy.  Petitioner's argument does not state a claim for habeas corpus relief.

21.  Secondly, Petitioner argues that his right to be free from double jeopardy was violated when he was sentenced to further incarcerations and probations terms in the Second Order in 2002 and the Third Order in 2004 because he had relied on a Certificate of Discharge issued to him by the Department of Corrections on June 24, 2001.

22.  This argument was presented to the New Mexico Court of Appeals during the second of his direct appeals.  The Court of Appeals ruled against Petitioner finding:  1) the Defendant/Petitioner was not entitled to a Certificate of Discharge because he had not completed his sentence or his probation in June, 2001; 2) the trial court, not the Department of Corrections, issues a Certificate of Discharge so the Certificate was improperly issued; and 3) in analyzing the record and an exchange between the Court and his attorney, quoted extensively in State v. Baca, supra, the Defendant/Petitioner did not "actually or reasonably rely on the certificate of discharge as ending his sentence and probation in this case."

23.  The Court finds that the state Court of Appeals' determination of the facts are reasonable determinations in light of the evidence presented and in light of the Record Proper as it was presented to the Court of Appeals.  Since the Certificate was improperly issued and since the

12

Petitioner did not, in fact, rely on the Certificate, the Petitioner "supporting facts" do not state a claim for double jeopardy. Petitioner's argument does not state a claim for habeas corpus relief.

24. Lastly, Petitioner argues that his right to be from double jeopardy was violated when the trial court sentenced him in the Third Order in 2004, to an additional seven years. He argues that the trial court had only sentenced him to a five year sentence in the Second Order and had, in addition, failed to re-suspend the entire twelve year sentence.

25. This same argument was also presented to the state Court of Appeals in the second direct appeal and rejected. The Court wrote in its unpublished opinion, State v. Allen, No. 25-210 (Ct. App. 2005),

> Defendant argues that, in 2004, the trial court imposed a ''new seven-year sentence of incarceration." When Defendant's probation was revoked in 2000, the trial court imposed the balance of the original sixteen-year sentence, suspending all but eighteen months. At the hearing in 2000, defense counsel made it clear that it was understood that there remained ten to ten and one-half years of the sentence. Defendant was released and began his probation period on June 24, 2001. In 2002, Defendant's probation was again revoked and the trial court imposed the balance of the sentence, while suspending all but six months of the sentence. Based on defense counsel's statement at the 2000 hearing that there remained ten to ten and one-half years on his sentence, the balance of the sentence after the 2002 revocation hearing was well over the five year period that Defendant claims was imposed by the trial court. Although the trial court's judgment states that the 'Five (5) Year sentence which began on June 24, 2001, be, and the same, is hereby imposed and again suspended but for Six (6) Months,' it is clear that trial court is referring to the probation period of five years that began on June 24, 2001. When Defendant again violated probation in 2004, the trial court imposed the remainder of the sentence. Defendant's claim that he received only a five-year sentence in 2002 is not supported by the record. Accordingly there is no support for Defendant's claim that the trial court increased his sentence to seven years after he violated his probation in 2004.

[Answer, Exhibit FF, pages 4-5].

26. The Court finds that the findings set forth in the New Mexico Court of Appeals' decision are based on a reasonable determination of the facts in light of the evidence presented in the State Court proceedings. The Court of Appeals found that Defendant did not receive only a

five year sentence in 2002 and that the trial court had the authority to impose the remainder of the unserved twelve year sentence.  Therefore, the imposition of the remainder of the twelve year sentence (Petitioner's seven year argument) in 2004 did not violate Petitioner's double jeopardy rights.  Petitioner's argument does not state a claim for habeas corpus relief.

<u>PETITIONER'S DUE PROCESS RIGHTS WERE NOT VIOLATED</u>

27.  Petitioner argues, using some of the same "facts" raised above, that his Fourteenth Amendment due process rights were violated.  Petitioner again argues that the sentencing court failed to re-suspend the twelve year underlying sentence in the First Order of 2000 and therefore was without authority to re-impose terms of incarceration or probation in the Second Order of 2002 or the Third Order of 2004.

28.  This argument, in the context of a Double Jeopardy claim, is addressed in Paragraphs 19 and 20 of this Recommended Findings and Disposition.  The state court decision found that the trial court imposed and then re-suspended a portion of the 1997 sentence and therefore had the authority to sentence Petitioner in the Second and Third Orders in 2002 and 2004 respectively.  The state court decision is based on a reasonable determination of the facts in light of the evidence presented in the proceedings below.

29.  Petitioner has failed to present any evidence that his rights to due process, either in a procedural or a substantive context, were violated by the 2000, 2002 or 2004 Orders revoking his probation and subjecting him to further incarceration.  Therefore, Petitioner's argument does not state a claim for habeas corpus relief.

14

PETITIONER HAS NOT BEEN SUBJECT TO CRUEL AND UNUSUAL PUNISHMENT

30. Petitioner labeled his third claim as one that his Eighth Amendment right to be free from cruel and unusual punishment had been violated. His supporting facts were the same argument repeated twice above - that the sentencing court failed to re-suspend the twelve year underlying sentence in the First Order of 2000 and therefore was without authority to re-impose terms of incarceration or probation in the Second Order of 2002 or the Third Order of 2004.

31. This argument has been addressed by the state courts below and rejected. See Paragraphs 19, 20, and 28 of this Proposed Findings and Recommended Disposition. The Court finds that the state court decisions below are based on reasonable factual determinations in light of the evidence presented in the state court proceedings. Petitioner's argument, no matter how it is stated, or in what context, has no support in the record.

32. A claim for a violation of the Eighth Amendment prohibiting cruel and unusual punishment must show, in a non-capital case, that the imposition of a particular sentence for a particular crime is "grossly disproportionate to the severity of the crime." Ewing v. California, 538 U.S. 11, 21 (2003), citing to Rummel v. Estelle, 445 U.S. 263 (1980). Such cases are extremely rare and come into play only in the most extreme examples. Ewing v. California, supra.

In the present case, Petitioner pled guilty to twelve counts of forgery and admitted to being a habitual offender with at least two previous felony convictions. [Answer, Exhibit A]. The sentence imposed, 16 years in its entirety, was not so grossly disproportionate to the underlying crimes as to even be arguably disproportionate and Petitioner has not raised this argument in this Petition or in any of his previous motions, appeals or petitions.

33. Petitioner does not state a claim that his Eighth Amendment rights were violated.

15

Although he labels his claim as a "cruel and unusual punishment" claim, his argument centers on his alleged mis-apprehension of the fact, already determined adversely to the Petitioner by the state courts, that the sentencing court re-imposed and re-suspended his underlying 1997 sentence during his First, Second and Third Orders Revoking Probation when it committed Petitioner to further incarceration and probation.

34.  Likewise, Petitioner has labeled this third claim, in the alternative, as a claim for malicious prosecution.  A claim for malicious prosecution does not state a constitutional violation.  A claim for malicious prosecution is instead a tort claim that may be brought by the accused against a prosecutor who wrongfully continues to prosecute the accused with subsequent criminal proceedings after criminal proceedings involving the accused have been terminated in the accused's favor.  Restatement 2nd of Torts, §659 (1977).   A petition for the writ of habeas corpus is not the vehicle to bring a tort claim, even if the facts of a case fall within the framework of the tort, which in this case they do not.

35.  Petitioner's third claim, incorrectly labeled as an Eighth Amendment claim, does not state a claim upon which relief in the form of the writ of habeas corpus may be granted.   Thus, even though this claim was not technically exhausted in the state courts below, the "supporting fact" has been addressed, twice, by the state courts and found to be without merit.  Therefore, this Court finds that Petitioner's Eighth Amendment claim fails to state a claim upon which relief can be granted and recommends that it be dismissed.

## REQUEST FOR APPOINTMENT OF COUNSEL

36.  Petitioner has also requested that the Court appoint him counsel.  (Doc. Nos. 3 and

11).

37.   The Court considers several factors when considering whether to appoint counsel - "the merits of the litigant's claims, the nature of the factual issues raised by the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Rucks v. Boergermann, 57 F. 3d 978, 979 (10th Cir. 1995) (quoting Williams v. Meese, 926 F. 2d 994, 996 (10th Cir. 1991)).

38.   Petitioner has been ably represented by counsel throughout his multiple proceedings in the state courts, both at the trial court level and at the state appellate court level.  Petitioner represented himself during his previous federal habeas corpus proceeding.

39.   Petitioner has been able to reasonably present his claims to this Court in his Petition for the Writ of Habeas Corpus.  The claims presented were straightforward and had been previously presented to the state courts below in a variety of contexts so the Court had the benefit of extensive, well-written pleadings and appellate opinions.

40.   The Court has reviewed the merits of the Petition and recommends that the Petition for the Writ of Habeas Corpus be denied.  The assistance of counsel for the Petitioner would not have materially altered the analysis of the Court or altered its recommendation.

41.   The Court finds that the Petitioner has been able to present his case adequately without benefit of counsel and the appointment of counsel for the Petitioner would not have assisted the Court.   Therefore, the Court recommends that the Petitioner's Motions for the Appointment of Counsel be DENIED.

CONCLUSION

The Court RECOMMENDS that the Petitioner's Application for a Writ of Habeas Corpus be DENIED because the Petitioner has failed to establish that he is in custody pursuant to a State court judgment in violation of the Constitution of the United States. The Court also RECOMMENDS that Petitioner's Motions for the Appointment of Counsel be DENIED.


NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1).  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.


_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE